## PREWETT *v.* GOODLETT.

### (*Nashville.* . January 6, 1897.)

1. STATUTE OF LIMITATIONS. *Running of, not suspended, when.*

   The mere filing of an unbarred claim with the administrator, or a demand upon him for its payment, does not, in the absence of a special request made by him of the creditor to delay suit for "a definite time," suspend the running of the statute of limitations barring suits against personal representatives. (*Post, pp. 85–87.*)

   Code construed: §§ 4013, 4482 (S.); §§ 3118, 3482 (M. & V.); §§ 2280, 2785 (T. & S.).

   Cases cited and approved: Chestnutt *v.* McBride, 1 Heis., 389; Byrn *v.* Fleming, 3 Head, 658; Ricketts *v.* Ricketts, 4 Lea, 163; Trott *v.* West, 9 Yer., 435.

2. ADMINISTRATION OF INSOLVENT ESTATES. *Claims barred, when.*

   Claims against an insolvent estate, due at or within six months after administration, are barred, though presented and filed in the insolvent proceedings before distribution of the funds of the estate. if the period had previously elapsed that bars suits against personal representatives. (*Post, pp. 88–97.*)

   Code construed: § 4070 (S.); § 3175 (M. & V.); § 2330 (T. & S.).

   Cases cited and approved: Miller *v.* Taylor. 6 Heis., 479; Todd *v.* Wright, 12 Heis.. 442; Bibb *v.* Tarkington, 2 Lea, 21; Martin *v.* Blakemore, 5 Heis., 50; Latta *v.* Sumerow, 4 Lea, 489; Hearn *v.* Roberts, 9 Lea. 365; Bates *v.* Elrod, 13 Lea, 156; Harley *v.* Merrell, 2 Tenn. Chy., 620.

3. SAME. *Same.*

   Claims against an insolvent estate that fall due more than six months after the date of administration. are barred if they are not presented and filed in the insolvent proceedings within two years after their maturity. (*Post, pp. 96–98.*)

   Code construed: § 4070 (S.); § 3175 (M. & V.); § 2330 (T. & S.).

4. SAME. *Same.*

Claims against an insolvent estate, that fall due after suggestion of insolvency, must be filed within two years after their maturity, and before the distribution of the funds of the estate, or they will be cut off from participation therein. (*Post, pp. 96–98.*)

Code construed: § 4070 (S.); § 3175 (M. & V.); § 2330 (T. & S.).

Cases cited and approved: Hearn *v.* Roberts, 9 Lea, 365; Bates *v.* Elrod, 13 Lea, 156.

5. SAME. *Same.*

Claims against an insolvent estate which have been reduced to judgment or put in suit against the administrator before suggestion of insolvency, are not excluded from participation in the assets of the estate, if presented before distribution of the funds, though after the period barring suits against personal representatives had elapsed. (*Post, pp. 96–98.*)

6. SAME. *Effect of statutory injunction.*

The statutory injunction against suits resulting from suggestion and advertisement of the insolvency of an estate does not operate to prevent the running of the statute of limitations against creditors. While creditors are enjoined against bringing suits, they are required to present and file their claims in due time in the insolvent proceedings, or they will be barred. (*Post, pp. 96–98.*)

---

## FROM DAVIDSON.

---

Appeal in error from Second Circuit Court of Davidson County. CLAUDE WALLER, J.

J. S. PILCHER, JAMES TRIMBLE, P. D. MADDIN, and C. D. BERRY, for creditors whose claims were not allowed.

G. N. TILLMAN and A. M. TILLMAN, for cred-
itors whose claims were allowed.

A. G. GOODLETT for Administrator.

WILKES, J. This case involves the settlement of
an insolvent estate. Goodlett was appointed admin-
istrator of Prewett November 29, 1889. On March
12, 1890, he suggested the insolvency of the estate
in the County Court of Davidson County. The usual
publication was made for creditors to file their claims
with the Clerk of that Court, as required by law.
In November, 1895, a settlement was had with the
administrator of the estate. The claims of certain
creditors were disallowed, and, their exceptions hav-
ing been overruled, they appealed to the Circuit
Court. An agreed statement of facts was made. It
appeared that the claims which had been disallowed
were all just and valid, unless barred by the statute
of limitations, and this is the only question in con-
troversy. These claims are of three kinds, viz.:

1. A note for $1,000, owned by W. W. Berry,
which note was filed or placed in the hands of the
administrator on December 21, 1889, prior to the
suggestion of insolvency, and which caused the sug-
gestion of insolvency, and which was held by the
administrator until November, 1895, the date of the
settlement, at which time it was filed with the County
Court Clerk.

2. A note for $500, dated October 25, 1889, and
due in ninety days (therefore maturing after the

appointment and qualification of the administrator), but before the insolvency was suggested, filed with the administrator within two years and six months from his appointment and qualification, but not filed with the Clerk until November, 1895, but before distribution of the funds, and a number of other claims filed with the administrator within two years and six months from his appointment and qualification, but not with the Clerk until November, 1895, the date of the settlement.

3. A number of claims that had been paid by the administrator, but were not filed with the Clerk until the date of the settlement.

The exceptions made to the disallowance of the first claim is: First, that the claim had been duly filed with the administrator of the estate prior to the suggestion of insolvency and publication under the insolvency proceedings, and was, in fact, the basis of the insolvency proceedings; and, second, because by the suggestion of insolvency and the publication made for creditors to file claims, all suits against the administrator were enjoined, and therefore the running of all statutes of limitation was suspended, leaving nothing to bar the rights of these claimants, except the statute requiring that all claims shall be filed with the Clerk before the distribution of the funds of the estate.

What is the effect of filing a claim with the administrator before the suggestion of insolvency?

The Act of 1789, Ch. 23, Sec. 4 (M. & V.

Code, § 3117), provides that the creditors of deceased persons, if they reside within the State, shall, within two years, and, if without the State, shall, within three years from the . qualification of the adminis- trator, exhibit to him their accounts, debts, and claims, and make demand and bring suit for their recovery. The Acts of 1829, Ch. 57, Sec. 112, and of 1831; Sec. 1 (M. & V. Code, § 3112), gave the administrator six months from the date of his qual- ification to ascertain the situation of the estate and to arrange and settle it without being liable to suit and costs. The Code of 1858, § 2760, provides that the six months during which the administrator is exempt from suit is not to be taken as a part of the time limited for commencing actions against the administrator. So this, in effect, fixes the lim- itation of suits against the administrator to be, re- spectively, two years and six months and three years and six months from the date of qualification. The Act does not provide for filing claims with the ad- ministrator, but this filing is, in effect, the same as making demand.

Now, does the filing of a claim with the admin- istrator stop the running of this statute, first, in the case where the estate is solvent? The statutes relating to this question are §§ 3118 and 3482 (M. & V. Code), which are substantially the same, and are as follows: "If any creditor, after making demand of his debt or claim, delay to bring suit for a definite time at the special request of the ad-

ministrator, the time of such delay shall not be counted in such period of limitation." The clear inference of these sections of the Code is, that the mere filing of the claim, or demand of payment, is not sufficient to suspend the running of the statute.

The decisions of the Supreme Court, construing this section, were reviewed in *Chestnutt* v. *McBride*, 1 Heis:, 389. In that case the creditor demanded a settlement of his claims, whereupon, the administrator replied, "Hold on; your claims are good." It was held that this did not stop the running of the statute. In *Byrn* v. *Fleming*, 3 Head, 658, it was held, that if proper and effectual steps be not taken by the personal representative to enforce satisfaction of a claim in his own favor, he will be barred, as in case of other creditors failing to sue within a proper time.

Judge Freeman, in *Ricketts* v. *Ricketts*, 4 Lea, 163, construes the statute as follows: "The principle of the statute is fairly expressed by Judge Reese, in the case of *Trott* v. *West*, 9 Yer., 435, that the suit, after demand is made, must be delayed by the request of the administrator—not vague, not indefinite, not to be implied or inferred merely, but special, and that special request shall stipulate for a definite time of indulgence, during which the statute shall not bar the claim." There was nothing, therefore, connected with the filing of this claim with the administrator that would operate to suspend the running of the statute of limitations.

As before stated, the suggestion of insolvency was made March 12, 1890. It will be observed that six months had not yet elapsed from the qualification of the administrator, and therefore up to this time no suit could have been brought on this claim or on any of the other disputed claims.

During the month of March, 1890, and within the six months, the administrator made publication for all creditors to file their claims with the Clerk of the County Court. Neither the claim now under consideration, nor any of the other claims, were filed with the County Clerk until November, 1895—five years after said publication—but all of them were filed with the administrator within two years and six months from the date of his qualification.

The statute under which publication is made in insolvent proceedings in the County Court is Sec. 6, of Ch. 283, Acts of 1851–52, incorporated in the M. & V. Code in § 3175, and reads as follows: "The Clerk [that is, of the County Court], upon such suggestion made, shall make an order upon the administrator to give notice by advertisement in some newspaper published within the State, and also at the courthouse door of the county, for all persons having claims against said estate to appear and file the same, authenticated in the manner prescribed by law, on or against a day to be fixed in such notice, which day shall not be less than three nor more than six months after the day of notice; and any claim not filed on or before the day fixed, or before

an appropriation of the funds of the estate is made, shall be forever barred in law and equity.''

It is earnestly urged by counsel that upon the suggestion of insolvency and publication thereof, there can be no such thing as a creditor suing upon his claim; that the insolvency proceedings operate as an injunction against the bringing of suits; that the statutes of limitation can alone bar the suit, and, in consequence, the creditor, being restricted in his remedy to the filing of his claim, there is no statute of limitation requiring him to file his claims, and they are in time if filed before the distribution of the funds. This is a very plausible construction, if one looks only to the phraseology of the different statutes, but the Supreme Court have, in several decisions, held, as we think, differently.

The beginning of our system of administering insolvent estates, is the Act of October 18, 1833, Ch. 36, entitled, ''An Act to regulate and simplify the distribution and division of estates of persons dying insolvent.'' It requires all persons having claims to file them on or against a day to be fixed in the notice, but the statute lays down no rule as to the length of time to be allowed. It will be noticed also that, in the eleven sections of this Act, there is no provision giving authority to any Court to enjoin actions at law against the personal representative, nor is there any provision that the suggestion of insolvency shall have the effect to enjoin such suits.

In 1838 (see Acts 1837-8, Ch. 111), an Act was passed "to amend an Act," etc., of October 18, 1833. This last Act was more formal than that of 1833, and provided for insolvent estates of more than five hundred dollars in value being administered in the Chancery Court. . It embraced eighteen sections, and some of its provisions prevail until now. By Section 2 the executor and administrator, or any creditor, was given full power to file a bill in the Chancery Court, setting forth the assets and such debts as are known to exist. In the same section it was provided that the Judge or Chancellor might enjoin all proceedings in the County Court, under the said Act of 1833, and also the commencing or prosecuting all suits at law against the estate, except such as the Chancellor, in his discretion, shall direct to be tried at law. It is to be noted that there is no provision that the suggestion of insolvency should operate against the right to sue at law and recover judgment. The only provision is, that the Judge or Chancellor may enjoin, etc. It is to be further noticed, that there is in this statute no provision that the suggestion of insolvency shall have the effect of enjoining the institution or prosecution of suits. Nor is there anything in any manner indicating within what time claims are to be filed. Section 6 of the Act is as follows:

"SEC. 6. *Be it enacted,* That all creditors who shall fail to bring suit for their demands, or to

come in under the proceedings to be had under this Act, and present their claims within the time prescribed by law, shall be forever barred and prohibited from becoming parties to such proceeding; and, to save the operation of the statute of limitations, any creditor may present his claim to the Clerk and Master of the Court, after a bill shall have been filed, as well in vacation as in term time, and apply to become a party to such proceeding; and the Clerk shall give the creditor a receipt for his claim, which presentation and application to the Clerk, if done within the time prescribed by law, shall prevent the operation of the statute of limitations. Creditors whose debts are not due shall be under the same obligations to present their claims as those whose debts are due, and, upon failure to do so, shall be barred in like manner, provided that a creditor shall ' not be bound to present his claim before due, except when the estate is represented to be insolvent, as herein provided.''

It will be seen this statute relates alone to insolvent bills in chancery, and that there is nothing in terms relating to an injunction against suits at law, or to insolvency proceedings in the ، County Court. The only thing is that creditors must come in and become parties to the chancery proceedings within the time prescribed by law, and that, too, whether the debt is due or not. By Act of December 21, 1841, the Act of October 18, 1833, was

again amended, but the question under discussion was not in any manner affected.   Acts 1841–42.

The next Act on the subject is that of 1849–50, Ch. 73, and the second section of that Act is the first time that the provision in question appears. That section is as follows:

"Sec. 2.   That the suggestion of insolvency and advertisement thereof shall operate as an injunction in all cases against the bringing of any suit or suits before any judicature whatever against the administrator or executor of such insolvent estate."

Section 6 repealed all laws and parts of laws inconsistent with that Act.

The Act of 1851–52, Ch. 283, was that in which the whole subject was treated, and that Act, consisting of fifty sections, was substantially carried into the Code.   By Section 4 of that Act it is provided that the executor or administrator, upon ascertaining that an estate is insolvent, shall suggest the insolvency to the Clerk of the County Court.   Section 6 is as follows:

"Sec. 6.   The Clerk, upon such suggestion made, shall make an order upon the executor or administrator, to give notice by advertisement in some newspaper  .  .  .  for all persons having claims against said estate to appear and file the same, authenticated in the manner prescribed by law, on or against a day to be fixed in such notice, which day shall not be less than three nor more than six months after the date of the notice, and any claim not filed

on or before the date fixed, or before an appro-
priation of the funds of the estate is made, shall
be forever barred, both in law and in equity.

"Sec. 7. Any creditor whose debt is not due,
may file his claim for adjudication, and come in for
a ratable distribution. . . .

"Sec. 8. The suggestion of insolvency, and the
advertisement thereof, shall operate as an injunction
in all cases against the bringing of any suit, before
any judicature whatever against the administrator or
executor of such insolvent estate. . . .

"Sec. 32. All creditors who shall fail to bring
suit for their demands or to come in under these
proceedings, and present their claims within the time
prescribed by law, shall be forever barred and pro-
hibited from becoming parties to such proceeding.

"Sec. 33. Creditors whose debts are not due
shall be under the same obligation to present their
claims as those whose debts are due, and, upon fail-
ure to do so, shall be barred in like manner. But
a creditor shall not be bound to present his claim
before due, except where the estate is represented
to be insolvent, as herein provided.

"Sec. 34. And to save the operation of the statute
of limitations, any creditor may present his claim
to the Clerk and Master of the Court, after the
bill is filed, as well in vacation as in term time,
and the Clerk shall give the creditor a receipt for
his claim—which presentation and application to the
Clerk, if done within the time prescribed by law,

shall prevent the operation of the statute of limitations.''

Now, the title to this Act of 1851–52, was "An Act to amend and reduce into one Act the several Acts for the administration of insolvent estates." And it may readily be seen how the different parts of the several Acts were thrown into one Act, without securing complete harmony.

We think that in construing these several Acts, this Court has held uniformly that, ordinarily, the claim must be filed with the County Court Clerk within the two years and six months, and, if not so filed, it is barred, although filed before the distribution of the funds.

In the case of *Miller* v. *Taylor*, 6 Heis., 479, Judge Freeman said: "The question of the bar of the statute of limitations in case of claims against insolvent estates was before us in two cases at the last term at Jackson. In one it was held, after thorough consideration of the question by Judge Deaderick, that the statute of limitations applies alike to the administration of solvent and insolvent estates."

In the case of *Todd* v. *Wright*, 12 Heis., 442, Judge McFarland affirmed this construction in the following language: "We suppose that there can be no doubt that the statute of limitations in favor of personal representatives is as fully operative in favor of an administrator of an insolvent estate as of any other administrator. And the statute is not affected by the pendency of an insolvent bill, nor by the

orders or notices on creditors to file their claims. The claims must be presented and filed in the manner pointed out within the period of limitation fixed for the prosecution of actions against personal representatives.''

In *Bibb* v. *Tarkington*, 2 Lea, 21 (decision rendered by Judge Cooper), it was held ''that the bringing of a suit at law prosecuted to judgment will stop the running of the statute of two years and six months in favor of the estates of decedents, even if judgment be voidable, at the instance of the personal representative, as having been taken in violation of an injunction sued out by him against creditors generally.''

This case, though not mentioning it specifically, modified the holding of the Court in *Martin* v. *Blakemore*, 5 Heis., 50, but still it affirms the principle of that case to the effect that the statute of limitations is not suspended by the insolvent proceedings.

Again, in *Latta* v. *Sumerow*, 4 Lea, 489, it is said by Judge McFarland that ''it is well settled that the statute of two and three years in favor of personal representatives applies as well to claims against an insolvent estate as any other, and unless suit be brought within the time limited, or excused by request for delay, the demand will be barred. After suggestion of insolvency and notice, or the filing of an insolvent bill, creditors who have not previously sued can only prosecute their claims by filing them

and becoming parties in the insolvent proceedings in the mode pointed out by the statute. This then becomes the only mode in which they can sue, and their claim must in this mode be made within the time prescribed by law—that is, within the period of limitations for suits against administrators or executors, two years and six months for residents, and three years and six months for nonresidents.''

In the case of *Hearn* v. *Roberts*, 9 Lea, 365, it was held that the suggestion of insolvency does not change the limitation for suing on claims not due at the time of the qualification of the administrator —that is to say, if a debt falls due after the suggestion of insolvency, the creditor has two years from that time within which to file, provided it be filed before the distribution of the funds. See, also, *Bates* v. *Elrod*, 13 Lea, 156.

And in *Harley* v. *Merrell*, 2 Tenn. Chy., 620, it was held that where a creditor recovered judgment on a claim before the administrator had suggested insolvency, he may file his claim at any time before the funds of the estate are appropriated.

From the above decisions, and the statutes involved, the following rules are clearly deducible :

1. Where there is no suggestion of insolvency, a resident creditor whose claim is due when the administrator qualifies, or whose claims become due within the six months after such qualification, must bring his action within two years and six months from the date of qualification ; but where the claim

becomes due after the first six months, during which the administrator is exempt from suit, then the action must be begun within two years after date of maturity of debt.

2. The exhibition of the note, or claim to or making demand for payment of, the administrator, does not suspend the statute, nor will the filing of the claim with the administrator suffice for this purpose. There must be either a request for delay for some definite period, or an institution of suit on the claim, to suspend the running of the statute.

3. The suggestion of insolvency, and the notice, by advertisement, to creditors to file their claims, operate as an injunction against bringing any suits; but there is substituted a new right, just as effectual for the creditor, viz.: The right of filing his claim and joining with other creditors in the insolvent proceedings in the County Court. While before he was compelled to bring an individual suit, or have his claim barred, he is now compelled to file his claim, or the same result will follow. In short, the statutes of limitation run against the right to file the claims in the County Court proceedings, just as it had run against the right to bring an individual suit on his claim or demand. One is substituted by the statute for the other.

4. Where suit has been instituted and judgment obtained, on a demand against the administrator prior to the suggestion of insolvency, the statute has already been suspended, and does not begin to run in con-

14 P—7

Prewett *v.* Goodlett.

sequence of the insolvency proceedings. All that is necessary in such case is, that the judgment be filed with the Clerk before the appropriation of the funds. Such would also be the case where suit is instituted before the suggestion of insolvency but judgment is not obtained until afterwards. In either case the bringing of the suit stops the running of the statute.

" 5. Where there has been a suggestion of insolvency, and some claim becomes due thereafter, the claimant has two years after date of maturity to file his claim with the Clerk, provided he files it before the distribution of the funds. But if in the meantime the funds have been distributed, then his claim is barred, for he had an opportunity under the statute to file his claim, although not due, before said distribution or appropriation. In short, he has two years after maturity within which to file his claim, although not due, provided it is before said distribution or appropriation. In other words, he has two years after maturity within which to file his claim, but he takes the risk of the funds in the meanwhile being appropriated.

The above rules seem to be harmonious with the statutes and the decisions construing them.

If correct in the deductions just made, it follows that none of the claims disallowed can be recovered against this estate, unless filing them with the administrator was sufficient under the statute. All of them were due at the date of the suggestion of insolvency, and all of them were filed with the ad-

ministrator within two years and six months after the qualification of the administrator. None of them, however, were filed with the Clerk until more than five years after the suggestion of the insolvency. The question, then, is: In insolvent proceedings, is the filing of claims with the administrator sufficient to suspend the running of the statute?

In solvent estates the filing of claims with the administrator is of no avail towards preventing a bar of the statute. Suit must be instituted for this purpose. Certainly there is nothing in the insolvent statutes which dignifies the act of filing of claims with the administrator. The Clerk issues an order to him to advertise for claims to be filed. The purpose of the statute is to place the settlement in the County Court; it constitutes a joint proceeding for the benefit of all creditors. The intention is that the claims be filed where everyone interested may examine them and test their validity. There was no intimation that they could be placed in the hands of the administrator, who could carry them in his pocket until date of settlement without giving other creditors an opportunity to know anything about their nature or amount, or, in fact, their existence. This certainly was not the policy of the law. This filing of claims takes the place of bringing an individual suit, in so far as the statute of limitations is concerned; it must have some dignity and publicity connected with it, and the filing must, of necessity, be with the Clerk. In fact, the notice

which the administrator gave in this case was that the claims · be filed with the County Court Clerk.

It has been frequently held that the administrator must retain his own debt, if he has one, within the time limited, or he will be barred; and certainly his own claim must be treated as filed with himself, if that would avail anything. Neither can it alter the rule that the administrator had notice of the claim, or even upon its presentation was led to make the suggestion of insolvency, nor that a claim was reduced to judgment against the decedent before his death. The latter claim, in insolvent administrations, stands upon no higher ground than any other valid debt, and is not like a judgment recovered against the administrator of the decedent. The fact that it is a valid judgment, and so conceded, is no more than if it were conceded to be a valid claim not reduced to judgment. In either event, it must be filed in the insolvency proceedings in order to share in the assets to be administered, the filing in insolvent estates being a substitute for suit in case the estate is solvent.

We are of opinion that there is no error in the judgment of the Court below, and it is affirmed. We acknowledge our indebtedness for a learned exposition of the law to the trial Judge, Waller, whose written finding we have largely used in this opinion.